UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY MILTON HOLTON                                                                          PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 3:17CV485-RHW

MTC et al                                                                                                DEFENDANTS

## ORDER GRANTING DEFENDANT CENTURION'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Johnny Milton Holton, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that Defendants failed to protect him from assault by inmate O.D. Washington on April 7, 2017, at the East Mississippi Correctional Facility (EMCF). Doc. [1]. Plaintiff and inmate Washington were both incarcerated at EMCF at the time of the alleged incident. Defendant Centurion of Mississippi provided health care services for EMCF at the time of the assault. Doc. [11] at 1. Plaintiff alleges that Centurion failed to adjust inmate Washington's medication to "control his frequent violent behavior." Doc. [1] at 5; Doc. [11] at 1. On January 5, 2018, Centurion filed a motion to dismiss. Doc. [23]. On February 20, 2018, the Court conducted a screening hearing. Doc. [33]. Centurion then filed a motion for summary judgment on April 17, 2018. Doc. [35]. Plaintiff has not filed a response to the motion to dismiss or motion for summary judgment.

**Law and Analysis**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other

contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

Defendant Centurion asserts that Plaintiff failed to exhaust administrative remedies prior to filing suit. In order to exhaust a claim, a prisoner's grievance need only provide prison officials with "fair notice" of the problem that will form the basis of the prisoner's later-filed lawsuit. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). The grievance must be sufficient in detail to give prison officials time and opportunity to address complaints internally before allowing the initiation of a federal lawsuit. *Moussazadeh*, 703 F.3d at 788. An inmate need not present a full-fledged legal theory in his grievance. *Johnson*, 385 F.3d at 518. Prisoner

grievances are not required to allege a specific legal theory or facts that correspond to all of the required elements of a particular legal theory. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

In the Administrative Remedy Program grievance filed by Plaintiff, he complained of the assault by inmate Washington and the injuries received by Plaintiff in the assault. Doc. [35-2]. Plaintiff also requested that inmate Washington "be segregated under observation in medical until such time as he has been properly treated with a medication regime to control his violent out burst before he is allowed to return to general population." *Id.* at 4-5. He alleges that the "medical dept." is responsible for the assault because they left inmate Washington, "a proven unstable and severly [sic] violent psychocit [sic] inmate in general population" without "any attempt to reduce the imminent threat caused by this inmate." *Id.* Whether Plaintiff's ARP put Defendant Centurion on fair notice of the claim is a close question. Regardless, as will be discussed below, the Court finds that Plaintiff's claims against Centurion lack any constitutional merit.

At the screening hearing, Plaintiff testified under oath that he received prompt medical treatment for his injuries from the April 7, 2017, incident. Doc. [33] at 16. He further admitted that he has no complaints about medical treatment received subsequent to the incident. *Id.* Hence, by his own admission, Plaintiff does not state a cause of action for deliberate indifference or inadequate medical care for treatment of his own injuries. To the extent Plaintiff alleges that Defendant Centurion failed to provide constitutionally adequate medical care to inmate Washington for treatment of his psychotic condition, Plaintiff lacks standing to assert a constitutional claim on behalf of inmate Washington. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1952); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

Centurion is a private corporation; nevertheless, it may be sued under § 1983 by a prisoner who has suffered an alleged constitutional injury. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Although not subject to vicarious liability for the constitutional torts of its employees, a private corporation such as Centurion may be held liable under § 1983 when an official policy or custom of the corporation causes, or is the moving force behind, the alleged deprivation of federal rights. *See Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Rice ex rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Plaintiff's complaint and testimony fail to identify an official policy or custom of Centurion that was the moving force behind the alleged constitutional injury. At the screening hearing, Plaintiff acknowledged that his claim against Centurion relates only to medical treatment as prescribed to inmate Washington. Doc. [33] at 13. Plaintiff further admitted that he did not know what kind of medical treatment inmate Washington received, what medications he has been prescribed, or whether any of inmate Washington's medications have been changed. *Id.* at 12-13. At most, Plaintiff states a claim against employees of the medical department for failing to adjust inmate Washington's medication, which in turn caused inmate Washington to assault Plaintiff. In other words, Plaintiff alleges vicarious liability of Centurion based on the conduct of its employees. As such, Plaintiff fails to state a constitutional claim against Centurion. The Court finds that Defendant Centurion's motion to dismiss and motion for summary judgment should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Centurion's [23] Motion to Dismiss and [35] Motion for Summary Judgment are GRANTED. Plaintiff's claims against Defendant Centurion are hereby dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 29th day of May, 2018.

                                         /s/ *Robert H. Walker*
                                         ROBERT H. WALKER
                                         UNITED STATES MAGISTRATE JUDGE